UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DUSTIN GAINES, #316068, | Civil Action No.: 4:13-cv-0185-SB-TER |
| Plaintiff, | |
| -vs- | |
| | REPORT AND RECOMMENDATION |
| SGT. H. SIMS, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant's Motion for Summary Judgment (Document # 33). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion for Summary Judgment, could result in dismissal of his Complaint. Plaintiff has not filed a response to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

## II.   RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs.,

Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff was specifically warned that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted. Because Plaintiff failed to file a response to the Motion for Summary Judgment, the undersigned concludes Plaintiff has abandoned his claim. No other reasonable sanctions are available. Accordingly, it is recommended that this case be dismissed pursuant to Rule 41(b).

### III. CONCLUSION

For the reasons discussed above, it is recommended that this action be dismissed for failure

to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 31, 2013
Florence, South Carolina

**The parties are directed to the important notice on the following page.**